# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JUAN V. ANDERSON, | ) |
|     Plaintiff, | ) ) ) |
|         v. | )   Case No. 1:21-cv-01340 ) |
| RANDY YEDINAK, MICHAEL REGNIER, PATRICK DELFINO, JENNIFER H. BAUKNECHT, DAVID J. ROBINSON, ROSARIO DAVID ESCALERA, JR., JAMES E. CHADD, CATHERINE K. HART, MARIAH K. SHIVER, | ) ) ) ) ) ) ) ) |
|     Defendants. | ) ) ) |

## ORDER & OPINION

Due to Plaintiff's repeated refusal to comply with the Court's orders and failure to prosecute this case, the Complaint (doc. 1) is dismissed with prejudice.

### FACTUAL BACKGROUND

In the instant case, Plaintiff sues the state trial judge, prosecutors, and public defenders involved in his state conviction for aggravated unlawful use of a weapon. (Doc. 1). His conviction arose from the following incident.[1]

---

[1] The following facts come from the complaint in the first federal civil case Plaintiff filed in response to his state conviction for aggravated unlawful use of a weapon, as well as from the police report Plaintiff attached to and cited in that complaint. Complaint, *Anderson v. Butts*, No. 21-CV-01161 (C.D. Il. filed Apr. 6, 2021), ECF Nos. 1 at 4, 1-1 at 4.

On April 11, 2020, Plaintiff Juan V. Anderson parked a car in the parking lot of the Dwight Country Club in Livingston County, Illinois. The Dwight Country Club was closed due to the COVID-19 pandemic, and Plaintiff remained in the parking lot, sleeping in his car, through April 13. Around 8 p.m. that day, Officer Alex M. Butts of the Dwight Police Department encountered Plaintiff and informed him that he could not stay in the parking lot, as it was private property. Officer Butts asked for Plaintiff's license, title, and registration, and he asked dispatch to run Plaintiff's criminal history. The Officer then recommended that Plaintiff move from the parking lot to a hotel nearby. Plaintiff alleges that when he asked why he was being directed to a hotel, Officer Butts said, "Because your kind are usually found there." The Officer then drove behind Plaintiff's car to the Classic Inn Motel in Dwight, IL.

While en route, Officer Butts was informed by dispatch that Plaintiff had a criminal history. Upon arrival, Officer Butts asked, and Plaintiff answered, that there was nothing illegal in his car. Officer Butts then asked for and received Plaintiff's consent to search his car, in which the Officer found a 9mm pistol and several boxes of ammo. Officer Butts then asked, and Plaintiff admitted, that he was a felon. Officers Butts and Beier then arrested Plaintiff.

## PROCEDURAL HISTORY

### I. Prior Cases

Plaintiff was charged with three felonies, two of which the State later dropped. Online court docket for *People v. Anderson*, No. 2020CF80, Circuit Court of the Eleventh Judicial Circuit, Livingston County, Illinois, https://www.judici.com/courts/cases/. On September 16, 2020, Plaintiff pled guilty to and was convicted of

aggravated unlawful use of a weapon, a class four felony. *Id.* Plaintiff was sentenced to two years of probation, one hundred hours of community service, a $500 fine, and assorted costs. *Id.* Plaintiff was also given a suspended sentence of 178 days in jail, which has remained stayed. *Id.*

When accepting the plea, the state trial court failed to admonish Plaintiff of his right to a jury trial. (Doc. 1-2 at 3). That failure led to Plaintiff filing an appeal. However, Plaintiff had signed a jury trial waiver before submitting his plea, which made him aware he was giving up that right by pleading guilty. (Doc. 1-2 at 6).

Plaintiff then repeatedly contacted the state court until, on February 8, 2021, the state court ordered Plaintiff "to immediately stop contacting any office located within the [Livingston Justice Center—including the Circuit Court Clerk, State Attorney's Office, Public Defender's Office,] probation, Court Security, and Court Reporters . . . . No further pleadings or motions shall be filed without leave of court." *Anderson v. Butts*, No. 21-CV-01161 (C.D. Il. filed Apr. 6, 2021), ECF No. 22-1 at 18.

In April 2021, Plaintiff filed a federal civil action in the District of Minnesota against Defendant Yedinak, the State's Attorney whose office prosecuted Plaintiff's state case, as well as three police officers involved in his arrest. *Anderson v. Butts*, No. 21-CV-0937 (D. Minn. filed Apr. 6, 2021). Plaintiff ignored orders to show cause why that venue was proper and instead filed eleven more civil lawsuits in the District of Minnesota attacking his Illinois arrest and/or prosecution.[2] For his disregard of

---

[2] *Anderson v. Butts*, No. 21-CV-0937 (D. Minn. filed Apr. 6, 2021); *Anderson v. Morris Police Department*, No. 21-CV-0971 (D. Minn. filed Apr. 12, 2021); *Anderson v.*

court orders and multiplicitous pleadings, Plaintiff was "restricted from initiating new litigation in [that] District unless he is represented by counsel or receives prior written authorization from a judicial officer of [that] District [until at least] January 1, 2023." *Anderson v. Butts*, No. 21-CV-0937, 2021 WL 1811846, 2021 U.S. Dist. LEXIS 86942 at *7–8 (D. Minn. May 6, 2021). Despite that restriction, Plaintiff has since attempted to file a thirteenth and fourteenth civil suit attacking his Illinois arrest and prosecution in the District of Minnesota. *Anderson v. Shaver*, No. 21-MC-00055 (D. Minn. filed July 28, 2021); *Anderson v. Butts*, No. 21-MC-0082 (D. Minn. filed Dec. 17, 2021).

Plaintiff's second through twelfth cases filed in the District of Minnesota were dismissed without prejudice for improper venue on May 6 or 10, 2021. *See* Order, *Anderson v. Butts*, No. 21-CV-01161 (C.D. Il. filed Apr. 6, 2021), ECF No. 9; Order, *Anderson v. Rigner*, No. 21-CV-1076 (D. Minn. filed Apr. 26, 2021), ECF No. 6. His original federal lawsuit was transferred to this district on May 24, 2021. *Anderson v. Butts*, No. 21-CV-01161 (C.D. Il. filed Apr. 6, 2021), ECF No. 17. When pressed by Judge Mihm to file a comprehensive amended complaint with all defendants and

---

*Casson*, No. 21-CV-0972 (D. Minn. filed Apr. 12, 2021); *Anderson v. Henson*, No. 21-CV-1022 (D. Minn. filed Apr. 19, 2021); *Anderson v. Krewer*, No. 21-CV-1023 (D. Minn. filed Apr. 19, 2021); *Anderson v. Rigner*, No. 21-CV-1076 (D. Minn. filed Apr. 26, 2021); *Anderson v. Henry Police Department*, No. 21-CV-1126 (D. Minn. filed Apr. 30, 2021); *Anderson v. Regnier*, No. 21-CV-1127 (D. Minn. filed Apr. 30, 2021); *Anderson v. Mund*, No. 21-CV-1128 (D. Minn. filed Apr. 30, 2021); *Anderson v. Yedinak*, No. 21-CV-1150 (D. Minn. filed May 4, 2021); *Anderson v. Betram*, No. 21-CV-1151 (D. Minn. filed May 4, 2021); *Anderson v. Henson*, No. 21-CV-1152 (D. Minn. filed May 4, 2021).

4

claims, Plaintiff voluntarily dismissed his original lawsuit. *Id.*, Text Order dated 07/29/2021.

Plaintiff also filed an application for state post-conviction relief on June 20, 2021, which raises many of the same concerns as Plaintiff's other attempts to litigate his arrest and conviction. *See id.*, ECF No. 22-1.

Lastly, one week after filing the instant action in the Central District of Illinois, Plaintiff filed another civil lawsuit challenging his Illinois arrest and conviction, this time in the Northern District of Illinois. *Anderson v. Butts*, No. 21-CV-6229 (N.D. Ill. filed Nov. 19, 2021).

## II. The Case at Bar

In the instant action, his fifteenth effort attacking his Illinois arrest and/or prosecution in federal court, Plaintiff sues the trial court judge, prosecutors, and public defenders from his trial and appeal.

The Complaint was filed on November 11, 2021. (Doc. 1). Because the Complaint contained only conclusory allegations and no supporting facts, the undersigned dismissed the Complaint without prejudice on December 3, 2021, and granted Plaintiff leave to file an amended complaint with detailed factual allegations supporting his claims within twenty-one days. (Doc. 3). Plaintiff failed to do so and instead attempted to file another civil case in the District of Minnesota—mailed from the same address to which this Court has sent notices. *See Anderson v. Butts*, No. 21-MC-0082 (D. Minn. filed Dec. 17, 2021).

Plaintiff was again ordered to file an amended Complaint or risk dismissal for lack of prosecution. (Text Order dated 01/04/2022.) Plaintiff failed to respond within

fourteen days as ordered. Instead he submitted another complaint and associated documents (totaling 644 pages) with the District of Minnesota, even though he is barred from making filings with that court until 2023. *See Anderson v. Butts*, No. 21-MC-0082 (D. Minn. filed Dec. 17, 2021), ECF nos. 2–3. That complaint was dismissed without prejudice for lack of venue. *Id.*

This Court issued a third and final warning on January 28, 2022:

> Plaintiff has now missed his second successive deadline to amend the Complaint. Plaintiff is admonished to file an amended complaint detailing the factual allegations he believes support a cause of action, if any, within 14 days of this text order. Conversely, if Plaintiff no longer wishes to pursue his claims, he should voluntarily dismiss the Complaint by filing a notice of dismissal within 14 days of this text order. Should Plaintiff again disregard this Court's orders and fail to prosecute this case, the Court will dismiss the case with prejudice under Federal Rule of Civil Procedure 41(b). *See O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952–53 (7th Cir. 2000) (holding "a court has inherent authority to dismiss a case *sua sponte* for a failure to prosecute" and may do so under Rule 41(b)); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, . . . a dismissal under this subdivision . . . operates as an adjudication on the merits.").

(Text Order dated 01/28/2022). Plaintiff has failed to file any response.

## LEGAL STANDARD

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)). That authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). "Moreover, pursuant to this power, a court may impose the severe sanction of dismissal with

prejudice (or its equivalent, judgment) if the circumstances so warrant. *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993) (citations omitted).

In addition, under Rule 41(b), the Court may dismiss a plaintiff's case with prejudice "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993). "A Rule 41(b) dismissal is a harsh sanction appropriate only when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proved unavailing." *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018). Because dismissing a case with prejudice "is the most severe sanction that a court may apply," the Court must carefully exercise its judicial discretion in doing so. *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018). For that reason, the Seventh Circuit has instructed district courts to consider six *McMahan* factors when considering dismissal under Rule 41(b):

> 1) the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit,
>
> 2) the apportionment of responsibility for those failures between the plaintiff and his counsel,
>
> 3) the effect of those failures on the judge's calendar and time,
>
> 4) the prejudice, if any, to the defendant caused by the plaintiff's dilatory conduct,
>
> 5) the probable merits of the suit, and
>
> 6) the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Mallory v. Rush Univ. Med. Ctr.*, No. 18-CV-4364, 2021 WL 458547, 2021 U.S. Dist. LEXIS 24547, at *43–44 (N.D. Ill. Feb. 9, 2021) (citing *McMahan*, 892 F.3d at 931–32).

## DISCUSSION

A.   *McMahan Factors for Rule 41(b) Dismissal*

Here, five of the six *McMahan* factors weigh in favor of dismissal.

### 1. Frequency and Magnitude of Plaintiff's Noncompliance

Plaintiff has now missed three consecutive deadlines to amend the Complaint, defying the Court's orders three times over three months. Not only has Plaintiff not filed an amended complaint as ordered—he has filed no response of any kind. Each failure has obstructed all progress in the case.

However, the frequency and magnitude of Plaintiff's failures to comply reach beyond this case alone. Remember, this case is Plaintiff's fifteenth attempt to challenge his arrest and state prosecution through federal civil (non-habeas) cases. Each of the prior cases Plaintiff brought were dismissed without prejudice due to improper venue or Plaintiff's voluntary dismissal, preventing any judge from being able to address Plaintiff's claims with finality. Given that context, Plaintiff's refusal to detail any factual basis for his claims or comply with this Court's orders is significant: it prevents his claims from being addressed and wastes ever more judicial time as Plaintiff shops for a friendly forum among three federal district courts.

Moreover, while ignoring this Court's orders from December 3, 2021, to present, Plaintiff has sent fourteen filings to the District of Minnesota and Northern District of Illinois using the same mailing address to which this Court's orders were

sent. *See Anderson v. Butts*, No. 21-MC-0082 (D. Minn. filed Dec. 17, 2021), ECF nos. 1–3; *Anderson v. Butts*, No. 21-CV-6229 (N.D. Ill. filed Nov. 19, 2021), ECF nos. 5–16. None of those filings from Plaintiff were labeled with this case's number or were directed to the Central District of Illinois; it is clear Plaintiff did not mistakenly send those filings to other courts. Rather, Plaintiff has received this Court's orders but willfully ignored them.

This factor strongly weighs in favor of dismissal.

### 2. Apportionment of Responsibility Between Plaintiff and Counsel

As Plaintiff has no counsel, he alone bears the responsibility for his disregard of this Court's orders. This factor strongly weighs in favor of dismissal.

### 3. Effect on the Court's Calendar and Time

As is no doubt apparent, it took a great deal of time to uncover the facts detailed in this Order. Plaintiff has wasted numerous hours of the Court's (and other judges') time, which has impeded the Court's attention to the other matters on its calendar. This factor strongly weighs in favor of dismissal.

### 4. Prejudice to Defendants

As the Defendants have not yet been served, they have not had to review and respond to this lawsuit. This factor does not weigh in favor of dismissal.

### 5. Probable Merits of the Suit

From the Court's review of Plaintiff's myriad filings, it has become abundantly clear this lawsuit is meritless and does not belong in federal court.

This civil lawsuit sues the trial judge, prosecutors, and public defenders from Plaintiff's state conviction simply for participating in that case. However, judges, prosecutors, and public defenders have absolute immunity for actions taken within the scope of their official duties. *See Mason v. Waukesha Cty.*, Nos. 94-2670, 94-2831, 1995 WL 48395, 1995 U.S. App. LEXIS 1734, at *6 (7th Cir. Jan. 27, 1995); *Imbler v. Pachtman*, 424 U.S. 409, 422–23 (1976).

What Plaintiff alleges beyond the scope of Defendants' official duties is wholly incredible. For instance, Plaintiff hyperbolically asserts Defendants "enslaved" him, "threatened plaintiff's life," and sought to "murder" him or otherwise trigger his death. (Doc. 1 at 2, 6, 7). Yet Plaintiff's sixteen federal complaints—none of which are facially plausible—demonstrate that because Plaintiff thinks his arrest and conviction were unjustified, he interprets his conviction and sentence as tantamount to enslavement and attempted murder. Hyperbole does not a cause of action make.

Plaintiff's contentions regarding the legitimacy of his state conviction belong in state court, whether in a direct appeal or petition for post-conviction review. Should he fully exhaust those remedies, he may attempt to challenge his state conviction in federal court via a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

This factor strongly weighs in favor of dismissal.

### 6. Consequences of Dismissal for the Suit's Social Objectives

Given that the suit's social objective is to undermine the state judicial system and punish its participants, the consequences of dismissal are welcome here. This factor weighs in favor of dismissal.

Thus, five of the six *McMahan* factors weigh in favor of dismissal.

B.  *Dismissal with Prejudice is Warranted*

Plaintiff was explicitly warned that his repeated failure to follow the Court's orders would result in the Complaint being dismissed with prejudice, which would operate as an adjudication on the merits. *See* Text Order dated 01/28/2022. Nevertheless, Plaintiff chose to ignore the Court's directives for the third consecutive time.

Furthermore, in light of the fourteen other instances where Plaintiff's claims have been dismissed without prejudice, the Court finds that dismissal without prejudice here would be an insufficient sanction to address Plaintiff's conduct. *See Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018) ("A Rule 41(b) dismissal [with prejudice] is a harsh sanction appropriate only when . . . other less drastic sanctions have proved unavailing.").

Given Plaintiff's repeated noncompliance with court orders and failure to prosecute this case, his claims' fourteen prior dismissals without prejudice, and the five *McMahan* factors favoring dismissal, the Court concludes dismissal with prejudice under Rule 41(b) is warranted.[3]

---

[3] As Rule 41(b) enables dismissal, the undersigned need not address whether it could dismiss the case with prejudice using its inherent authority. *See Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co.*, 313 F.3d 385, 390–91 (7th Cir. 2002) (holding the "inherent authority of federal courts . . . [should] be exercised sparingly, to punish misconduct . . . not adequately dealt with by other rules"); *Goodvine v. Carr*, 761 F. App'x 598, 602 (7th Cir. 2019) ("We ordinarily encourage reliance on a statute or rule before the invocation of inherent authority . . . .").

11

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Complaint (doc. 1) is DISMISSED WITH PREJUDICE. This matter is TERMINATED.

SO ORDERED.

Entered this 23rd day of February 2022.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
